Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Movant*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 20-480-ELG |
| | ) | (Chapter 7) |
| EADS, LLC | ) | |
| | ) | |
| Debtor. | ) | |

## MOTION TO WITHDRAW APPEARANCE

Comes now Maurice B. VerStandig and The VerStandig Law Firm, LLC (collectively, the "Movants"), pursuant to Local Rule 9010-2, and move to withdraw their appearance on behalf of EADS, LLC ("EADS" or the "Debtor"), and in support thereof states as follows:

### I.     Introduction

This is a case commenced under chapter 11 ("Chapter 11) of Title 11 of the United States Code (the "Bankruptcy Code"), in which undersigned counsel was employed as the Debtor's counsel post-petition, prior to the case's conversion to chapter 7 and the appointment of a trustee thereunder (the "Trustee"). The Movants maintain the subject representation terminated, as a matter of law, upon the Trustee's appointment, as (i) the Trustee is now the Debtor's sole representative; (ii) the Trustee has not engaged the services of the Movants;[1] (iii) the Movants do

---

[1] The Movants represents the Trustee in connection with an unrelated proceeding in this Honorable Court.

1

not now represent – and never have represented – the Debtor's equity interests; and (iv) the Movants would be without a client from whom to take appropriate direction, and with whom to appropriately confer, if still charged with an ongoing representation.

## II.  Argument: The Representation Has Effectively Terminated

Case law instructs that when a trustee is appointed, such appointment is the necessary termination of counsel for a given debtor. This appears to be not merely instructive but, too, sensible, as the prospect of a debtor having rogue counsel not aligned with a given trustee would undermine appreciably the normative procedures and protections of the Bankruptcy Code.

The Supreme Court has addressed this issue, holding that when a debtor ceases to be a debtor-in-possession, such "terminate[s] [the debtor's] status as debtor-in-possession and so terminate[s] [counsel's] service under § 327 as an attorney for the debtor-in-possession." *Lamie v. U.S. Trustee*, 540 U.S. 526, 532 (2004).

The *Lamie* holding has been echoed by other courts, with one observing – in the context of a Chapter 11 trustee's appointment – "The triggering event that prevented the petitioner's recovery in *Lamie* was not conversion to a Chapter 7 proceeding—rather, it was the appointment of a trustee that 'terminated [the debtor's] status as debtor-in-possession and so terminated petitioner's service under § 327 as an attorney for the debtor-in-possession.'" *Morrison v. U.S. Trustees*, 2010 WL 2653394, at *5 (E.D.N.Y. 2010) (quoting *Lamie*, 540 U.S. at 532).

Even before *Lamie*, this concept was crystalized in the prism of attorneys endeavoring to continue their respective representations after the appointment of a trustee:

> The intent of the Bankruptcy Code seems crystal clear that just as a trustee replaces the debtor-in-possession for the purpose of administering the estate and operating its business, so it is that the trustee's attorney displaces the debtor's attorney in order that the trustee will have counsel and assistance in performing his fiduciary duties. There is no need for the debtor to have assistance performing those duties which are fully assumed by the trustee, and hence any "debtor's attorneys" can serve no

2

      beneficial purpose for the estate unless they are characterized as attorneys for the trustee.

*In re NRG Res., Inc.*, 64 B.R. 643, 647 (W.D. La. 1986).

      Critical to all of these holdings is one core and generally undisputed premise: "Once appointed, the Chapter 11 Trustee becomes the estate's sole representative." *In re Starbak Inc.*, 2010 WL 3927504, at *6 (Bankr. D. Mass. 2010) (citing 11 U.S.C. § 323(a)). *See also*, 11 U.S.C. § 323(a) ("The trustee in a case under this title is the representative of the estate"); *Morrison*, 2010 WL 2653394, at *3 ("Once the trustee is appointed, the trustee becomes the estate's sole representative.") (citing 11 U.S.C. § 323(a)).

      This rationale is equally applicable to a chapter 7 trustee, as expressed by the *Lamie* Court. And with the Movants having represented the Debtor herein through the 341 meeting of creditors – the seemingly lone task for general reorganization counsel in a post-conversion context, and one for which counsel is not eligible to receive compensation under *Lamie* – it is accordingly appropriate to officially terminate the representation.

      The Debtor's equity interests are represented by counsel, as is the Trustee and various creditors. The Trustee has taken charge of the Debtor's estate and is appropriately informed by his own legal representation. There is thusly nothing left for the Movants to undertake in this case, and continuation of the representation would create only an odd paradigm where the Movants would be without a client from whom to take clear direction, would be without any cognizable privilege in such communications (saving those with the Trustee who owns the attorney/client privilege), and would be without a source to furnish compensation for services rendered. *See, e.g.*, *In re Bame*, 251 B.R. 367, 373 (Bankr. D. Minn. 2000) ("Thus, just as in *Weintraub*, the trustee becomes the agent in control of the attorney-client privilege.") (citing *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343 (1985); *In re Williams*, 152

3

B.R. 123, 127 (Bankr. N.D. Tex. 1992)).

Accordingly, the Movants respectfully seeks to withdraw as counsel as, in the words of the *NRG Res., Inc.* Court, "any 'debtor's attorneys' can serve no beneficial purpose for the estate unless they are characterized as attorneys for the trustee."

### III.     Local Rule 9010-2 Recitations

Pursuant to Local Rule 9010-2(b), withdrawal is sought in the above-captioned bankruptcy case. There are no pending adversary proceedings in this matter and, thusly, no such proceedings from which withdrawal is implicated.

Further, as indicated in the certificate of service appended hereto, this motion is being served on the Trustee, the United States Trustee, and the Debtor

### IV.     Conclusion

WHEREFORE, the Movants respectfully move this Honorable Court to withdraw as counsel for the Debtor and for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: May 5, 2021

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Movant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of May, 2021, a copy of the foregoing was served electronically upon filing via the ECF system, with a copy also sent, via US Mail, postage prepaid, to:

EADS, LLC
320 8th Street, NW
#206
Washington, DC 20011

/s/ Maurice B. VerStandig
Maurice B. VerStandig